```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

PFIP, LLC

     v.                              Civil No. 06-cv-108-JD

Aspen Total Fitness
Centereach, LLC, et al.


                            O R D E R

    On March 22, 2006, PFIP, LLC, filed a complaint alleging trademark infringement and related claims against Aspen Total Fitness Centereach, LLC, and Aspen Total Fitness Management, LLC. On May 12, 2006, PFIP filed affidavits of service from Deputy Sheriff Glenn Muller that the two defendants were served with the complaint and summons "[b]y delivering to and leaving with Gregory Rosenfeld the Owner/Vice President for the defendant personally a true copy thereof."  The same day, Gregory Rosenfeld and Gene Brem, proceeding pro se, filed a motion to dismiss and/or to transfer the case to the Eastern District of New York.

    On May 16, 2006, the court sent an order to Aspen Total Fitness Centereach, LLC, and Aspen Total Fitness Management, LLC, that an appearance of counsel must be filed on their behalf by June 6, 2006.  The order also notified the defendants that if no appearance were filed by that time, the file would be referred to a judicial officer for further action which might include entry of default against them.  Rosenfeld and Brem responded to the May 16 order by filing a letter to the deputy clerk assigned to this

case that acknowledged the order to have an appearance filed by counsel.  Rosenfeld stated, however, that he and Brem had purchased the assets of Aspen Total Fitness Centereach, LLC, but did not purchase the corporate entity.  Rosenfeld and Brem interpreted the complaint to allege claims against them, rather than against the corporations, and stated that they were appearing on their own behalf.

On May 26, 2006, PFIP filed a memorandum in opposition to the motion to dismiss in which it pointed out that Rosenfeld and Brem are not parties in this action and cannot appear or file a motion to dismiss on behalf of the corporate defendants.  PFIP also noted that a third corporate entity mentioned in the motion, Middle County Road Fitness, Inc., appeared to be doing business as Aspen Total Fitness of New York.  Based on that information, PFIP filed an amended complaint, with the memorandum in opposition to the motion to dismiss, adding Middle County Road Fitness, Inc., as a defendant.  Summons were issued electronically for the three defendants on June 1, 2006, and the affidavits or returns have not yet been filed.

Rosenfeld and Brem are not parties in this action. Therefore, they lack standing to file a motion to dismiss and/or to transfer.  The two corporate defendants named in the original complaint, Aspen Total Fitness Centereach, LLC, and Aspen Total Fitness Management, LLC, have not had appearances by counsel

filed on their behalf. The amended complaint adds a third corporate defendant, Middle Country Road Fitness, Inc., that also must be represented by counsel and respond to the complaint as provided by the Federal Rules of Civil Procedure.

Because of the overlapping filings and the apparent confusion about the status of the parties in this case, the court will allow all three corporate defendants to respond through counsel to the amended complaint, as required by the federal rules, without entering default as to the original two defendants. The motion to dismiss and/or transfer is terminated as having been improperly filed by nonparties.

## Conclusion

For the foregoing reasons, the motion to dismiss and/or to transfer (document no. 7) is terminated. The defendants named in the amended complaint shall respond through counsel as is required by the Federal Rules of Civil Procedure. Failure to respond in a timely manner through counsel will result in an entry of default.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 7, 2006
cc: Teresa C. Tucker, Esquire
    Aspen Total Fitness Centereach, LLC
    Aspen Total Fitness Management, LLC
    Middle Country Road Fitness, Inc.